RICARDO CRUZ CORTÉS, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY, Respondent and Appellee.

No. AP-66-2.     Decided October 31, 1966.

*Ricardo Cruz Cortés, pro se. J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for appellee.

PER CURIAM: Ricardo Cruz Cortés, appellant herein, alleges that he was not duly represented by attorney Luis H. Rivera during the trial held against him in the Superior Court, Mayagüez Part, and in three others for three offenses of carrying weapons and one for violation of Act No. 67 of 1934, consisting in having in his possession eight bottles containing explosive matter known as Molotov bombs, with the intention of causing bodily harm and property damage. He also contends that he was deprived of an impartial hearing in this proceeding because the prosecuting attorney asked him irrelevant questions to the merits of the proceeding, that is, whether petitioner was serving time for drug cases and to what purpose did he intend to use the bombs mentioned in the information which gave rise to the prosecution in question.

To support these contentions appellant argues that his objection to the question whether he was "serving time . . . for drugs" was sustained; that the prosecuting attorney insisted in asking leading questions regarding other sentences which were improper. He added that he was not adequately represented by Mr. Rivera, because the latter did not hold any conference with appellant during the months he was in jail; that on the two occasions when he talked to said lawyer in the office of the Superior Court's marshal, the lawyer did nothing "to get me ready for trial"; that an adequate defense should have been prepared and that he did not have it; that he was found guilty and had to appeal on his own right; that his defense was "pro forma, insufficient" because he did not have time to prepare for trial. In his testimony during the hearing of this proceeding, he added that

Mr. Rivera "Did not confer with me in the district jail where I was committed for more than nine or eight months, without leaving the premises, under the custody of the superintendent of the Ponce jail. He was designated my attorney and in order to carry out my defense we should have held several conferences, so that I could have unbosomed myself, but he never went to see me. We saw each other here in court, two or three times, in the marshal's office." He alleges that Mr. Rivera's own testimony shows that he did not represent petitioner adequately and effectively, inasmuch as his statement was doubtful, based on "beliefs," because Mr. Rivera was unable to testify specifically how many times he conferred with appellant or how long those conferences lasted; that Mr. Rivera said very little during the trial; that Mr. Mari Bras, who represented another of the codefendants, talked all the time and made a good defense of his client, but not Mr. Rivera, though all of the codefendants were convicted.

We have carefully studied the transcript of the hearing of the habeas corpus held in the Superior Court, Mayagüez Part, and of the trial held in that court on the charges brought against appellant and three other codefendants. There is nothing in those records to sustain appellant's contention. On the contrary, both records clearly show that Mr. Rivera represented appellant capably, adequately, and effectively. He conferred three times with appellant, who informed him that he had no witnesses. Mr. Rivera testified that during the three conferences held in the marshal's office "we talked all we had to talk regarding the case and our conversation was never interrupted." During the trial for the charges, Mr. Rivera cross-examined the witnesses for The People. On behalf of appellant he reproduced a question of law, adduced by Mr. Mari Bras, which brought about the acquittal of the defendants for the offenses of carrying weapons. Before going to trial, Mr. Rivera conferred with the three codefendants he represented and with the attorneys

of the fourth, and they all agreed to establish, as they actually did, the defense of ignorance on the part of the codefendants of the existence of the Molotov bombs in the trunk of the vehicle. Lastly, he requested an instruction which was transmitted to the jury that the testimony of one of the codefendants, in which appellant was mentioned, could only constitute evidence against the deponent and that it could not be used with respect to the three other codefendants. We have examined this testimony carefully and it is evident therefrom that although it referred to appellant as being one of the persons traveling with the witness in the vehicle in which the bombs were found, he denied knowledge of them as well as of the weapons seized. The reference to appellant was limited to the fact that the witness was picked up near the Palace Hotel in San Juan, and that appellant and the other two told him that they were on their way to Ponce, but that if the witness was planning to go to Mayagüez, he could go with them, which he did. We ratify our judgment on this point, which we expressed in our opinion in *People* v. *Ruiz*, 85 P.R.R. 463 (1962).

Regarding the improper questions of the prosecuting attorney, specifically there was only one on "a previous sentence for drugs" to which appellant objected, which action of appellant was promptly sustained by the court, and therefore, it could not have prejudiced him as would have been the case if it had been a trial before a jury.

Therefore, the errors assigned were not committed and by virtue thereof the judgment of the Superior Court, Mayagüez Part, of December 1, 1965 denying the petition for habeas corpus is affirmed.